**WORK, Secretary of the Interior, v. UNITED STATES ex rel. DAVIS.**

(Court of Appeals of District of Columbia. Submitted April 8, 1925. Decided June 1, 1925.)

No. 4282.

**1. Public lands ⬦110—Failure of entryman to make final proof within seven years after entry held no defense to suit to compel issuance of patent.**

That homestead entryman did not submit his final proof within seven years from date of original entry, as required by Rev. St. § 2291 (Comp. St. § 4532), cannot be urged in defense of action to compel Secretary of the Interior to issue patent, brought more than two years after issuance of final certificate.

**2. Public lands ⬦110—Homestead entryman held entitled to patent, notwithstanding classification of lands as mineral lands.**

Where more than two years had elapsed after issuance of final certificate to homestead entryman, without proceedings to contest or protest validity of entry having been instituted, entryman was entitled to patent under Act March 3, 1891, § 7 (Comp. St. § 5113), notwithstanding, before issuance of final certificate, lands had been classified as mineral lands, and such classification communicated to local land officers, who issued certificate.

**3. Mandamus ⬦85—Homestead entryman may compel Secretary of the Interior to issue patent, where duty is plain and no room for discretion.**

After lapse of two years from issuance of final certificate, without contest as to validity of

homestead entry, Secretary of the Interior has a plain duty under Act March 3, 1891, § 7 (Comp. St. § 5113), to issue patent enforceable by mandamus.

Appeal from Supreme Court of District of Columbia.

Suit for mandamus by the United States, on the relation of Frank E. Davis, against Hubert Work, as Secretary of the Interior. Decree for plaintiff, and defendant appeals. Affirmed.

C. E. Wright, of Washington, D. C., for appellant.

Samuel Herrick, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia, awarding a writ of mandamus to compel appellant, Secretary of the Interior, to issue a patent to relator for certain lands located in the state of Utah.

Relator made a homestead entry on the land in controversy April 13, 1910. He complied with all of the requirements of law as to residence and cultivation. On May 19, 1917, after due notice given, he submitted his final proof at the United States land office at Vernal, Utah, and on May 23d following was given a final receiver's receipt and final register's certificate. No further action was taken in the case until October 11, 1919, more than two years after the issuance of the final certificate. The Secretary then refused to issue a patent to relator, on the ground that the land had been classified as mineral during the life of the entry and prior to the submission of final proof. He further held that appellee must either accept a surface patent, under the Act of Congress of July 17, 1914, 38 Stat. 509 (Comp. St. §§ 4640a–4640c), or apply for a hearing, if he decided to dispute the classification.

Relator refused, and brought this action, basing his right to a writ of mandamus on the ground that more than two years had elapsed after the issuance of the receiver's receipt without the initiation of any protest or contest proceeding to test the validity of his entry. He relies on the proviso to section 7 of the Act of March 3, 1891, 26 Stat. 1099 (Comp. St. § 5113), as follows: "That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and

when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

The facts as set forth in the answer of the Secretary, on which the department acted, are to the effect that, on February 12, 1917, the Geological Survey, which had been examining this land, found and determined that it was mineral in character, valuable in its oil shale contents, carrying petroleum and nitrogen. The land was classified as mineral, but not withdrawn for classification. No notice of this classification was given relator, but notice was given to the local land officers of the district, on February 26, 1917, three months before relator made his final proof.

The defense is also interposed that under the provisions of section 2291, Revised Statutes (Comp. St. § 4532), the statutory life of appellee's entry expired on April 13, 1917, more than a month prior to the time his final proof was made. This act provides that, in relation to a homestead, a patent shall not issue until the expiration of five years from the date of original entry, and that after the expiration of that time the entryman has two years within which to submit his proof. It is urged by counsel for the Secretary that, inasmuch as relator failed to submit his proof within seven years from the date of his original entry, the proceedings in the local land office are a nullity, and that the local land officers were without jurisdiction to receive final proof and issue certificates thereon.

[1] However effective these defenses might have been in the present case, if timely made, we think they come too late. It will be observed that section 2291 provides no penalty whatever for failure to make final proof within the seven-year period, nor does it contain words of express limitation. It relates primarily to the making of final proof by the heirs or legal representatives of the original entryman. On the other hand, the local land officers are vested with jurisdiction to take final proof in land entries, made within their respective districts, and the mere fact that they may have overlooked the provisions of this statute did not deprive them of their jurisdiction, either of the subject-matter or of the parties. If the power to invoke the statute in opposition to relator's right to a patent was not wholly waived by the action of the local land officers in receiving relator's final proof, a question we are not here called upon to decide, it amounted at most either to such an error as could

have been corrected by the board of equitable adjudication, or by the initiation of proceedings, within two years after the issue of the receiver's receipt, to test the validity of the entry. But neither of these steps was taken.

[2] The defense as to the mineral character of the land unquestionably comes within the proviso to section 7 of the act of 1891. This statute is mandatory on the Secretary in all cases where no proceeding has been initiated to challenge an entryman's right to a patent within two years after the issuance of the receiver's receipt. The Supreme Court had the interpretation of the act of 1891 under consideration in the case of Lane v. Hoglund, 244 U. S. 174, 181, 37 S. Ct. 558, 560, 61 L. Ed. 1066, in which an attempt was made to withhold the issue of a patent, after the expiration of the two-year period, on the finding of the Secretary that the relator, entryman, had obtained the receiver's receipt by fraud. Mr. Justice Van Devanter, announcing the opinion of the court, said:

"Looking, then, at the statute in the light of all that bears upon its purpose and meaning, we think it certainly and unmistakably lays upon the Secretary of the Interior, as the head of the Land Department, a plain duty to cause a patent to be issued to a homestead entryman whenever it appears, as concededly it did in this instance, that two years have elapsed since the issue of the receiver's receipt upon the final entry and that during that period no proceeding has been initiated or order made which calls in question the validity of the entry. In the exercise of its discretion, Congress has said, in substance, by this statute that for two years after the entryman submits final proof and obtains the receiver's receipt the entry may be held open for the initiation of proceedings to test its validity, but that if none such be begun within that time it shall be passed to patent as a matter of course. Thus in a case like this, where according to the conceded facts no proceeding was begun within the prescribed period, there is no room for the exercise of discretion or judgment, but on the contrary a plain duty to see that the entryman receives a patent."

In the case of Stockley et al. v. United States, 260 U. S. 532, 43 S. Ct. 186, 67 L. Ed. 390, where the court had under consideration section 7 of the act of 1891, it was held that the two-year limitation begins to run when a homesteader submits his final proof, pays his fees and commissions, and obtains the receiver's receipt therefor; that the running of the limitation is not stayed

pending the examination of the proofs sub-, mitted prior to the issuance of a register's certificate; that the operation of the statute is not affected or altered by any practice which the Land Department may adopt in the examination of proofs pending the issuance of a register's certificate; and that the statute applies, even though the receiver's receipt was issued contrary to the instruction of the Commissioner of the General Land Office. This applies forcibly to the present case, since strong reliance is placed by counsel for the Secretary on the fact that the land officials had notice of the mineral character of the land some three months before the final proof was made and accepted and the receiver's receipt issued. This fact, however, it is held, in no respect modifies the mandatory provisions of the statute.

It was also held in the Stockley Case that where the two-year period has run in favor of a homestead entry, the question of whether or not the land was mineral in character is no longer open, and cannot be made the basis of a proceeding by the Secretary to challenge the right of the entryman to his patent. In that case the entryman, it is alleged, not only knew of the mineral character of the land before the original entry was made, but the land had been withdrawn by order of the President as mineral land more than one month prior to the time that Stockley submitted his final proof and received his receiver's receipt. Notwithstanding these damaging facts, the court held that the Secretary, not having challenged the validity of his entry within two years of the issuance of the receiver's receipt, was foreclosed from questioning its validity, but was required, under the statute, to issue a patent.

[3] These cases apply to the present case in every particular. More than two years elapsed, after the issuance of the receiver's receipt, before any steps whatever were taken to challenge the validity of relator's entry, either on the ground that the land had been classified as mineral, or that the receiver's receipt had been issued out of time. Either of these grounds, for challenging relator's right to a patent, was open to the Land Department, but they must be interposed within the two-year period. This was not done. It follows, therefore, that "no room for the exercise of discretion or judgment" is left with the Secretary, "but, on the contrary, a plain duty to see that the entryman receives a patent."

Nor can the Secretary escape the force of the act of 1891 by attempting to compel relator to resort to the board of equitable adjudication. This board might have granted relief to relator from his failure to present his final proof within seven years after the date of his original entry, had the question of relator's laches in this respect been raised at a time when the Secretary still retained jurisdiction of the case; but when, under the limitation of the statute, his authority to question the validity of the entry ceased, the authority of every agency of the Land Department, of which the board of equitable adjudication is one, likewise ceased. Relator can now stand on his receiver's receipt and demand his patent, the issuance of which he may compel by appeal to the courts.

The judgment is affirmed, with costs.